LAW OFFICE OF
**SCOTT D. GIBSON, PLLC**
1632 N. COUNTRY CLUB RD.
TUCSON, ARIZONA 85716
(520) 784-2600
SBN: 007395
ecf@sdglaw.net
scott@sdglaw.net

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>BERTIE SUSAN BRODSKY,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>NO. 4:16-bk-00885-BMW<br><br>**DEBTOR'S AMENDED OBJECTION TO PROOF OF CLAIM AND NOTICE THEREON** |

**OBJECTION:** Debtor, objects to the following Claim:

| Claim No. | 11-1 |
|---|---|
| Date Filed | 05/04/16 |
| Amount of Claim | $197,195.39 |
| Claimant Name | Nationstar Mortgage |
| On Behalf of | |
| Address | c/o Jason Sherman<br>Shapiro Van Ess & Sherman, LLP<br>3636 N. Central #400<br>Phoenix, AZ 85012 |
| Other | |

OBJ TO POC - NATIONSTAR 11-1.doc

**GROUND(S):** The ground(s) for the Debtor's Claim objection is/are:

| | |
|---|---|
| X | **SECURED CLAIM FILED:** Claimant asserts a secured claim and/or a lien on certain property of the debtor's estate and appears to be fully secured. Claimant has or should look to said property for payment of the debt thereby secured or, alternatively, claimant has not filed an amended claim evidencing proof of an unsecured deficiency balance after the sale of said property. Claimant does not have a secured claim against estate funds because it did not have a secured interest in the assets liquidated by the Trustee. Debtor objects to payment of any estate funds to claimant or any unsecured deficiency claim. |
| | **LACK OR PROPER DOCUMENTATION:** The claim does not include a copy of <br> \_\_\_\_\_ a writing upon which it is based; <br> \_\_\_\_\_ an itemized statement of account; <br> \_\_\_\_\_ the underlying judgment; <br> \_\_\_\_\_ the assignment(s) upon which it is based; <br> \_\_\_\_\_ other |
| | **LATE FILED CLAIM:** The claim was filed after the claims bar date set by the Court. The last day to file claims was _____ |
| | **POSTPETITION INTEREST CHARGES:** The proof of claim appears to include interest or charges accrued after the filing of this case. |
| | **UNENFORCEABLE CLAIM:** The claim is unenforceable against the debtor and property of the debtor since the statute of limitations under state law expired before the filing of this case. |
| | **CONTINGENT/UNLIQUIDATED CLAIM:** The claim is contingent, unliquidated or estimated and must be set by the Court for the purpose of allowance. |
| | **DUPLICATE CLAIM:** Claimant has filed two or more claims for the same debt. The claim is a duplicate of Claim No. \_\_\_\_. |
| X | **OTHER:** Mortgage Modification consolidated arrearages into balance of loan (see attached Modification) |

**TREATMENT OF CLAIM:** Debtor requests an order of this Court treating the Claim as:

| | |
|---|---|
| | Disallowed |
| | Allowed as a general, unsecured claim in the amount of $_____ only |
| | Allowed as a late-filed, unsecured claim in the amount of $_____ only |
| X | Allowed as a secured claim only, disallowed as a secured claim against any and all estate funds recovered by the Trustee, and disallowed as an unsecured claim |
| | Other: |

OBJ TO POC - NATIONSTAR 11-1.doc

LAW OFFICE OF
**SCOTT D. GIBSON, PLLC**
1632 N. COUNTRY CLUB RD.
TUCSON, ARIZONA 85716
(520) 784-2600

**NOTICE:** The Claim will be treated as requested and recommended by the Debtor above unless on or before 14 days after service of this Objection, the claimant either (1) sends, with a copy of this Notice, the proper documentation to the Debtor and receives from the Debtor a withdrawal of the Objection, or (2) files a Response to the Objection with the Clerk of the Court at 38 S. Scott Avenue, Tucson, AZ 85701, and serves it on the Debtor by mail to Scott D. Gibson, 1632 N. Country Club, Tucson, AZ 85716, or by email to ecf@sdglaw.net. If a Response to the Objection is timely filed and served, the Debtor will request a hearing from the Court. If no Response is filed and served, an Order sustaining the Debtor'(s) Objection will be entered by the Bankruptcy Court.

**SERVICE:** A true and correct copy of this Objection and Notice has been served on the date below to the claimant at the address listed above.

DATED this 21st day of September, 2017.

LAW OFFICE OF SCOTT D. GIBSON, PLLC

By: /s/ Scott D. Gibson (007395)
    Scott D. Gibson
    Attorneys for Debtor

CERTIFICATE OF SERVICE

Original electronically filed and copies of the foregoing served via the Court's CM/ECF Notification System this 21st day of September, 2017, on all Electronic Case Filing Participants that have appeared in the above-captioned case, or U.S. Mail to parties not registered through CM/ECF.

Jason Sherman
Shapiro Van Ess & Sherman, LLP
3636 N. Central #400
Phoenix, AZ 85012
Attorneys for Nationstar Mortgage, LLC

Dianne C. Kerns
7320 N. La Cholla #154 PMB 413
Tucson, AZ 85741
Chapter 13 Trustee

OBJ TO POC - NATIONSTAR 11-1.doc

LAW OFFICE OF
SCOTT D. GIBSON, PLLC
1632 N. COUNTRY CLUB RD.
TUCSON, ARIZONA 85716
(520) 784-2600

| | |
|---|---|
| 1 | Files 16-024190 CXE; 16-024191 CXE |
| 2 | Shapiro, Van Ess & Sherman, LLP |
| | 3636 N. Central Ave., Suite #400 |
| 3 | Phoenix, AZ 85012 |
| | Attorneys for Nationstar Mortgage |
| 4 | |
| | Nationstar Mortgage, LLC |
| 5 | PO Box 619096 |
| | Dallas, TX 75261-9741 |
| 6 | Creditor |
| 7 | |
| | Tiffany & Bosco |
| 8 | Seventh Floor Camelback Esplanade II |
| | 2525 E. Camelback Road |
| 9 | Phoenix, AZ 85016 |
| | Attorneys for U.S. Bank National Association |
| 10 | |
| 11 | Kristin McDonald |
| | Lakshmi Jagannath |
| 12 | MCCARTHY & HOLTHUS |
| | 8502 E. Via De Ventura, Suite 200 |
| 13 | Scottsdale, AZ 85258 |
| | Attorneys for Nationstar, LLC |
| 14 | |
| 15 | Aldridge Pite, LLP |
| | 4375 Jutland Drive, Suite 200 |
| 16 | PO Box 17933 |
| | San Diego, CA 92177-0933 |
| 17 | Attorneys for Nationstar Mortgage, LLC |
| 18 | |
| | File 16-024191 CGG |
| 19 | Shapiro, Van Ess & Sherman, LLP |
| | 3636 N. Central Ave., Suite #400 |
| 20 | Phoenix, AZ 85012 |
| | Attorneys for Wilmington Savings Fund |
| 21 | |
| 22 | Carrington Mortgage Services, LLC |
| | 1600 South Douglass Road |
| 23 | Anaheim, CA 92806 |
| | Creditor |
| 24 | |
| 25 | |
| 26 | |

OBJ TO POC - NATIONSTAR 11-1.doc

LAW OFFICE OF
**SCOTT D. GIBSON, PLLC**
1632 N. COUNTRY CLUB RD.
TUCSON, ARIZONA 85716
(520) 784-2600

1 | Aldridge Pite, LLP
4375 Jutlland Dr., Suite 200
2 | PO Box 17933
San Diego, CA 92177
3 | Attorneys for Selene Finance, LP

4

5 | By: /s/ Maria Calderon

OBJ TO POC - NATIONSTAR 11-1.doc

After Recording Return To:
CoreLogic SolEx
1637 NW 136th Avenue Suite G-100
Sunrise, FL 33323

This Document Prepared By:

NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

Parcel ID Number: 82700300205
Prior Instrument reference: Book/Liber N/A, Page N/A,
Instrument No: 3987930, of the Official Records of
THURSTON County, WA.

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **February 07, 2008**
Original Loan Amount: **$200,200.00**
New Money: **$18,078.65**

Loan No.: **627276082**
Investor Loan No: **501486283**

# FREDDIE MAC STANDARD MODIFICATION AGREEMENT

Borrower ("I"): **BERTIE SUSAN BRODSKY**. Borrower is the grantor/mortgagor under the first lien mortgage, deed of trust, or security deed referenced below. If more than one Borrower is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Lender or Servicer ("Lender"): **Nationstar Mortgage LLC**, whose address is **8950 CYPRESS WATERS BLVD, COPPELL, TX 75019** Lender is the beneficiary/mortgagee under the first lien mortgage, deed of trust, or security deed referenced below.

Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **January 31, 2008** and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **3987930**, recorded on **February 07, 2008**, of the Official Records of **THURSTON** County, **WA**.

Property Address ("Property"): **7015 A AND B GASTON LN SW, TUMWATER, WA 98501**

Legal Description:

See Exhibit "A" attached hereto and made a part hereof;

If my representations and covenants in Section 1 continue to be true in all material respects, then this Freddie Mac Standard Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.



FREDDIE MAC STANDARD MODIFICATION AGREEMENT
8763b 08/14



(page 1 of 7 pages)

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:
   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. The property has not been condemned nor have I received notice of condemnation.
   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
   D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Freddie Mac Standard Modification Program ("Program"));
   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Home Affordable Modification Program (HAMP) and Freddie Mac Standard Modification, are true and correct; and
   F. I have made or will make all payments required under a Trial Period Plan or as directed by my Lender until my Loan Documents are permanently modified in accordance with this Agreement.
   G. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.
   H. Our records indicate that you are the Debtor in an active bankruptcy proceeding. Please be advised that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If approval of the loan modification is required, Nationstar will not honor the loan modification agreement until evidence of the required approval is provided.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:
   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents;
   B. The Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement; and
   C. I DO NOT MEET THE ELIGIBILITY REQUIREMENTS FOR A MODIFICATION UNDER THE FEDERAL GOVERNMENT'S HOME AFFORDABLE MODIFICATION PROGRAM AND THEREFORE I WILL NOT RECEIVE ANY INCENTIVE PAYMENTS FOR TIMELY PAYMENTS OF MY MONTHLY PAYMENT.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **July 1, 2017** (the "Modification Effective Date") and



FREDDIE MAC STANDARD MODIFICATION AGREEMENT
8763b 08/14

(page 2 of 7 pages)

all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **July 1, 2017**.

A. The Maturity Date will be: **June 1, 2057**.
B. The modified principal balance of my Note will include all amounts and arrearages that are past due past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $205,850.98 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts will accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.
C. Interest at the rate of **3.500%** will begin to accrue on the New Principal Balance as of **June 1, 2017** and the first new monthly payment on the New Principal Balance will be due on **July 1, 2017**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 3.500% | June 01, 2017 | $797.45 | $315.52 May adjust periodically | $1,112.97 May adjust periodically | July 01, 2017 | 480 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.
E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I (the borrower) agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce


FREDDIE MAC STANDARD MODIFICATION AGREEMENT
8763b 08/14



(page 3 of 7 pages)

decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or other agreement that I previously entered into with Lender.
C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.
D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account
E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.
G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.
H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.
I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.
J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.



FREDDIE MAC STANDARD MODIFICATION AGREEMENT
8763b 08/14

(page 4 of 7 pages)

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, a mailing address of P.O. Box 2026, Flint, MI 48501-2026, a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. This Agreement modifies an obligation secured by an existing security instrument recorded in THURSTON County, WA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $187,772.33. The principal balance secured by the existing security instrument as a result of this Agreement is $205,850.98, which amount represents the excess of the unpaid principal balance of this original obligation.



FREDDIE MAC STANDARD MODIFICATION AGREEMENT
8763b 08/14



(page 5 of 7 pages)

Q. In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

In Witness Whereof, the Lender and I have executed this Agreement.

*Bertie S Brodsky* _____ (Seal) __5-18-17__ Date
BERTIE SUSAN BRODSKY -Borrower

__BSB__ [Space Below This Line For Acknowledgments] _____

State of ~~Washington~~ Arizona

County of __Pima__

I certify that I know or have satisfactory evidence that **BERTIE SUSAN BRODSKY**, (name of person) is the person who appeared before me, a Notary Public and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: __May 18, 2017__ (Month, Day and Year)

__Maria E. Calderon__
Signature of Notary

__Maria E. Calderon__
Printed Name of Notary

__Legal Assistant__
Title

My Commission expires: 

[Notary Seal: MARIA E. CALDERON, Notary Public - Arizona, Pima County, My Commission Expires May 6, 2019]


FREDDIE MAC STANDARD MODIFICATION AGREEMENT
8763b 08/14



(page 6 of 7 pages)

Nationstar Mortgage LLC

By: _____(Seal) - Lender
Name: _____
Title: **Assistant Secretary**

_____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TX
County of Dallas

Before me _____/Notary Public (name/title of officer) on this day
           (Please Print Name)
personally appeared _____, the Assistant Secretary of Nationstar
Mortgage LLC, known to me (or proved to me on the oath of _____ or through
_____ (description of identity card or other document)) to be the person whose name
is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the
purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, A.D.,_____.


                                    _____
                                    Signature of Officer

                                    _____
                                    (Printed Name of Officer)

                                    _Notary Public_____
My Commission expires : _____   Title of Officer


FREDDIE MAC STANDARD MODIFICATION AGREEMENT
8763b 08/14



(page 7 of 7 pages)

# Exhibit "A"

Loan Number: **627276082**

Property Address: **7015 A AND B GASTON LN SW, TUMWATER, WA 98501**

Legal Description:
THE LAND REFERRED TO IS SITUATED IN THE STATE OF WASHINGTON, COUNTY OF THURSTON, AND IS DESCRIBED AS FOLLOWS: LOT 1 OF SHORT PLAT NO. SS-7317, AS RECORDED MAY 2, 1995 UNDER RECORDING NUMBER 9505020402, IN THURSTON COUNTY, WASHINGTON.




# Exhibit "A"

Loan Number: 627276082

Property Address: **7015 A AND B GASTON LN SW, TUMWATER, WA 98501**

Legal Description:
THE LAND REFERRED TO IS SITUATED IN THE STATE OF WASHINGTON, COUNTY OF THURSTON, AND IS DESCRIBED AS FOLLOWS: LOT 1 OF SHORT PLAT NO. SS-7317, AS RECORDED MAY 2, 1995 UNDER RECORDING NUMBER 9505020402, IN THURSTON COUNTY, WASHINGTON.




Exhibit A Legal Description Attachment 11/12

Page 1 of 1

Case 4:16-bk-00885-BMW    Doc 113    Filed 09/21/17    Entered 09/21/17 10:44:23    Desc
Main Document    Page 14 of 14